# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MAURICE C. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-196-TLS |
| | ) | |
| JESSE WHITE d/b/a Illinois Secretary of State, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The Plaintiff, proceeding pro se, filed a Complaint [ECF No. 1] against Defendant Jesse White in his official capacity as the Illinois Secretary of State, along with a Petition to Proceed Without Pre-Payment of Fees and Costs [ECF No. 4]. In assessing whether the Plaintiff may proceed *in forma pauperis*, the Court must look to the sufficiency of the Complaint to determine whether it can be construed as stating a claim for which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). District courts have the authority under 28 U.S.C. § 1915(e)(2) to screen complaints even before service of the complaint on the defendant and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *see also Butler v. City of Milwaukee*, 295 Fed. Appx. 838, 839–40 (7th Cir. 2008) (stating that it was "wholly within the district court's authority to dismiss [on its own motion] for failure to state a claim").

Although the Complaint is somewhat difficult to follow, the Plaintiff appears to be seeking money damages—described by the Plaintiff as "punitive damages"—due to the

suspension of his driver's license and certain incidents arising therefrom.[1] (Compl. 8.) By seeking money damages against an Illinois state official in his official capacity, the Plaintiff is effectively seeking money damages against the State of Illinois. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Such a claim cannot be maintained under the Eleventh Amendment. *Id.* ("Absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.") For the foregoing reasons, the Court DENIES the Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 4] and DISMISSES the Complaint [ECF No. 1] WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED on December 18, 2015.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

---

[1] The Court notes that the Plaintiff has filed at least eight separate lawsuits in federal district court over the last two years (including the present lawsuit). *See Brown v. Bunich* (2:14-cv-334); *Brown v. 21st Century Mortg. Corp.* (2:15-cv-118); *Brown v. BP Amoco Corp.* (2:15-cv-179); *Brown v. Indiana* (2:15-cv-200); *Brown v. Dart* (2:15-cv-208); *Brown v. Ind. Bureau of Motor Vehicles* (2:15-cv-361); *Brown v. Alvarez* (2:15-cv-370).